# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CARL DARRELL HUTTO, | ) |
| Petitioner, | ) |
| v. | ) 5:17-cv-0707-MHH-JEO |
| LAWRENCE COUNTY, ALABAMA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

*Pro se* petitioner Carl Darrell Hutto filed this habeas corpus case on May 1, 2017. (Doc. 1). Mr. Hutto, who is confined at the Elmore Correctional Facility in Elmore, Alabama, challenges his 1987 murder conviction, for which he is serving a life sentence imposed by the Circuit Court of Lawrence County, Alabama. (Docs. 1-2, 1-3, 1-4, & 1-5). Mr. Hutto claims that his federal constitutional rights were violated based on an allegation that the state trial court "marked through part of the charging language [on the indictment]" and then tried Hutto on that charge, "without resubmission to the Grand Jury and without consent of the Petitioner." (Doc. 1-2 at 1; *see also id.* at 4).

The magistrate judge to whom the case was referred entered a report on May 24, 2017 in which he recommended that the Court dismiss this action for want of jurisdiction because Mr. Hutto's petition a successive § 2254 application for purposes of 28 U.S.C. § 2244(b). (Doc. 3). The magistrate judge advised Mr. Hutto of his right to file

objections within fourteen days. (Doc. 3, pp. 7-8). On June 1, 2017, Mr. Hutto filed objections to the magistrate judge's report and recommendation. (Doc. 4).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Having carefully reviewed and considered *de novo* all the materials in the Court file, including the magistrate judge's report and recommendation and Mr. Hutto's objections, the Court overrules Mr. Hutto's objections. The Court adopts the magistrate

judge's report and accepts his recommendation that the Court dismiss without prejudice this habeas petition for lack of jurisdiction.[1] The Court will enter a separate final order.

DONE and ENTERED this 28th day of June, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE

---

[1] As the magistrate judge recognized in his report, even if the Court had jurisdiction, the Court would dismiss Mr. Hutto's petition because it is barred by the applicable one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Because Mr. Hutto's 1987 murder conviction became final before AEDPA's effective date, April 24, 1996, the one-one year statute of limitations expired one year later, on April 24, 1997. *See Ferreira v. Secretary, DOC*, 494 F.3d 1286, 1291, n. 1 (11th Cir. 2007). Mr. Hutto did not file this action until almost 20 years after the statute of limitations expired.